IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRENCE W. FRANK,

    Plaintiff,

v.                                      Case No. 19-1054-JWB

KANSAS DEPARTMENT OF AGRICULTURE,
*Division of Water Resources; David W. Barfield,
Chief Engineer;* SUMNER COUNTY PLANNING
& ZONING ENVIRONMENTAL HEALTH;
KANSAS DEPARTMENT OF TRANSPORTATION,

    Defendants.

**MEMORANDUM AND ORDER**

Before the court are three motions to dismiss by the Defendants. (Docs. 11, 13, 15.) The motions have been adequately briefed. (Docs. 12, 14, 16, 18, 19, 20.) For the reasons set forth herein, Defendants' motions to dismiss (Docs. 11, 13, 15) are GRANTED.

**I. Background**

Plaintiff is the owner of a five-acre parcel of property at 1073 E. 119th St. South near Mulvane, Kansas. (Doc. 1 at 3.) In 2002, he applied for and was granted a permit from the Kansas Division of Water Resources ("DWR"), to build a pond on his property. The chief engineer of the DWR issued an order in 2003 finding Plaintiff had unlawfully obstructed a stream in constructing the pond, contrary to a Kansas statute and regulation. That finding was based in part on a regulation applicable to watershed areas of a certain acreage, and which applies a presumption that a stream existed in the watershed if the site was altered so that it can no longer be determined from

visual inspection whether a stream bed was there.[1] Plaintiff disputed the order and litigation in state court ensued. The background was described by the Kansas Court of Appeals in an opinion upholding the chief engineer's order:

> After construction of the pit, Frank's neighbor complained about water backing up onto the neighbor's property. The chief engineer concluded that Frank had obstructed a stream, which caused the change in water flow. Frank's permit had specifically said that it gave no authority to obstruct a stream, so the chief engineer told Frank that he must file a separate application for a permit to construct a stream obstruction. Frank contested this view, and the chief engineer heard testimony from Frank and the Division of Water Resources. The chief engineer concluded that a stream had been obstructed and that Frank had to apply for a permit to do that. The chief engineer also ordered that staff of the Division of Water Resources work with Frank in an attempt to find a solution that would allow Frank to comply with the law but still proceed with the project. The chief engineer said that "the solution should find a way to stop water from backing up" on the right-of-way to Highway K–53 and on the property of neighboring landowners. Frank appealed the chief engineer's order.

*Frank v. Kansas Dep't of Agric., Div. of Water Res.*, 40 Kan. App. 2d 1024, 1026, 198 P.3d 195, 197–98 (2008). The Kansas Court of Appeals found the chief engineer's interpretation of the applicable regulation was reasonable. *Id.* at 1035, 198 P.3d at 203. In addition to the prior state litigation, Plaintiff also filed a federal suit in 2009 that included some of the same allegations found in the current complaint. The prior federal suit was dismissed by Judge Rogers in 2010. *Frank v. Bush,* No. 09-4146-RDR, 2010 WL 1408405 (D. Kan. Apr. 2, 2010), *aff'd*, 391 F. App'x 745 (10th Cir. 2010).

The current complaint alleges among other things that "[i]n March of 2005 a government document was altered to show a 'STREAM' through [Plaintiff's] property," and the judge in

---

[1] *See* K.A.R. § 5-40-1(zz) (defining "stream" to include a "watercourse that has a well-defined bed and well-defined banks" with a watershed of a certain acreage above the project site, even if the flow of the stream occurs "only briefly after a rain in the watershed," and providing that "[i]f the site of the project has been altered so that a determination of whether the well-defined bed and banks did exist is not possible, it shall be presumed that the bed and banks did exist if the watershed acreage criteria specified in this subsection have been met, unless the owner of the project conclusively demonstrates that the well-defined bed and banks did not exist when the project site was in its natural state and had not been altered by human activity.").

2

Plaintiff's state case "ignored the facts, and took the altered document as true," causing Plaintiff to lose the case. (Doc. 1 at 4.) It further alleges the Kansas Department of Agriculture "continued with frivolous lawsuits until now" causing "emotional distress and financial drain" on Plaintiff. (*Id.* at 5.) It alleges that jurisdiction is proper in this court "due to the defendants' violation of federal law" and "continued manifest injustice toward plaintiff by local, state and national governing officials, actors and entities [from] 2002-2019." (*Id.* at 5-6.) The complaint also alleges that Defendants committed various state law torts[2] and "violated [Plaintiff's] right to privacy under [the] 4th Amendment to the United States Constitution and right to due process of law under the 5th Amendment (as applied to the states through the 14th Amendment)." (*Id.* at 5.) Plaintiff seeks damages against Defendants, attorney's fees, and an injunction against Defendants "from continuing the intentional infliction of emotional distress." (*Id.* at 15.)

**II. Motions to Dismiss**

Defendant Sumner County Planning, Zoning, Environmental Health ("Sumner County") moves to dismiss on the following grounds: 1) failure to state a plausible claim for relief; 2) the statute of limitations and statue of repose; 3) failure to file a notice of claim pursuant to K.S.A. § 12-105b; 4) lack of federal subject-matter jurisdiction; and 5) the *Rooker-Feldman* doctrine. (Doc. 12 at 1.) Defendant Kansas Department of Agriculture seeks dismissal on the same grounds (except for § 12-105b) and adds the following: 1) the Department of Agriculture is entitled to Eleventh Amendment immunity and is not a "person" for purposes of 42 U.S.C. § 1983; 2) the Department's lack of statutory capacity to be sued; and 3) res judicata. (Doc. 14 at 7.) Defendant Kansas Department of Transportation ("KDOT") asserts the same Eleventh Amendment and

---

[2] The complaint includes claims for civil conspiracy, fraud by commission, fraud by omission, misrepresentation, negligence, gross negligence, trespass, private nuisance, intentional private nuisance, detrimental reliance, and outrageous conduct. (Doc. 1.)

3

§ 1983 arguments and also contends that process and service of process upon it were insufficient. (Doc. 16 at 2-3.) All of the Defendants invoke Fed. R. Civ. P. 12(b)(1) and 12(b)(6) in support of their motions, and one or more additionally invokes Rule 12(b)(2), 12(b)(4), and 12(b)(5). (Docs. 11, 13, 15.)

In response, Plaintiff argues the State has caused the flooding problem and does not want to pay to fix it. (Doc. 18 at 1.) He argues he has stated plausible claims for fraud, collusion, conspiracy, and deception, and that this is a continuous problem that should not have a time limit. (*Id.* at 1-2) He argues that subject matter jurisdiction should be present in this court "to eliminate the bias a patronage [sic] in the lower court." (*Id.*) He also argues the Defendants cannot prove there was a stream on his property, and that the outcome of the state case was erroneous and resulted from bias on the part of the judge. (Doc. 20 at 1-2.)

**III. Standards**

The court discusses the standards for two of the provisions invoked by Defendants – Rule 12(b)(1) and 12(b)(6) – because those provisions are dispositive in this case.

"Different standards apply to a motion to dismiss based on lack of subject matter jurisdiction under Rule 12(b)(1) and a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Muscogee (Creek) Nation v. Pruitt*, 669 F.3d 1159, 1167 (10th Cir. 2012). When the court is faced with motions for dismissal relying on both Rule 12(b)(1) and 12(b)(6), the court must first determine that it has subject matter jurisdiction over the controversy before reviewing the merits of the case under Rule 12(b)(6). *Bell v. Hood*, 327 U.S. 678, 682 (1946). Because federal courts are courts of limited jurisdiction, a presumption exists against jurisdiction, and "the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life*

*Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Therefore, the court will first review the challenge to subject matter jurisdiction.

"Motions to dismiss for lack of subject matter jurisdiction generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to the actual facts upon which subject matter jurisdiction is based." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (internal citations omitted). If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the court must accept all such allegations as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). If there is a challenge to the actual facts, the court has discretion to allow affidavits and other documents to resolve disputed facts. *Id.* at 1003.

In order to withstand a motion to dismiss for failure to state a claim, a complaint must contain enough allegations of fact to state a claim to relief that is plausible on its face. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to Plaintiff. *Archuleta v. Wagner*, 523 F.3d 1278, 1283 (10th Cir. 2008). Conclusory allegations, however, have no bearing upon the court's consideration. *Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007).

**IV. Analysis**

A review of the complaint under the above standards shows there is no basis for this court to exercise subject matter jurisdiction over the claims. A federal court only has original subject matter jurisdiction over civil actions arising under the constitution or laws of the United States, or in certain actions involving disputes between citizens of different States. *See* 28 U.S.C. §§ 1331, 1332. The complaint does not allege that the parties are citizens of different states. It does contain

isolated references to unspecified "federal laws" and to provisions of the United States Constitution, but it fails – for several reasons - to state any potentially valid federal claim.

    1. *Defendants KDOT and Kansas Department of Agriculture*. Section 1983 of Title 42 of the United States Code provides a remedy when a plaintiff can demonstrate that he was deprived of a federal right by a person acting under color of state law. But neither the KDOT nor the Kansas Department of Agriculture is considered a "person" within the meaning of § 1983. *See Ross v. The Bd. of Regents of the Univ. of New Mexico,* 599 F.3d 1114, 1117 (10th Cir. 2010) (quoting *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989) ("neither a State nor its officials acting in their official capacities are 'persons' under § 1983.") These two Defendants are therefore entitled to dismissal of any § 1983 claims against them. Moreover, under the Eleventh Amendment, the State of Kansas and its agencies are generally immune from suit in federal court. *Miles v. Kansas,* No. 18-3258-SAC, 2019 WL 1931957, *2 (D. Kan. May 1, 2019) (citing *Peterson v. Martinez,* 707 F.3d 1197, 1205 (10th Cir. 2013)). *See also Higganbotham v. Okla. ex rel. Okla. Tranp. Com'n,* 328 F.3d 638, 644 (10th Cir. 2003) ("The Eleventh Amendment renders a state 'immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'") This immunity is subject to at least two exceptions: 1) Congress may abrogate a State's Eleventh Amendment immunity in exercising its Fourteenth Amendment powers; and 2) the State itself may waive its immunity by consenting to suit.³ *Martin Marietta Materials, Inc. v. Kan. Dep't of Transp.*, 953 F.Supp.2d 1176, 1185 (D. Kan. 2013) (citing *Harris v. Okla. Office of Juvenile Affairs ex rel. Cent. Okla.*, 519 F. App'x 978, 979 (10th Cir. 2013.) In the absence of

---

³ An additional exception under *Ex Parte Young*, 209 U.S. 123 (1908), which permits a federal court to grant prospective injunctive relief against a state official to prevent an ongoing violation of federal law, is inapplicable here. Plaintiff's complaint alleges no ongoing violation of federal law and seeks injunctive relief not to prevent a federal violation but to prevent Defendants "from continuing the intentional infliction of emotional distress," a claim arising under state law. (Doc. 1 at 15.)

abrogation or consent, however, "a suit in which an agent or department of the state is named as a defendant is 'proscribed by the Eleventh Amendment.'" *Id.* (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)). *See also Frank v. Bush,* No. 09-4146-RDR, 2010 WL 1408405, *6 (D. Kan. Apr. 2, 2010), *aff'd* 391 F. App'x 745 (10th Cir. 2010) (claims against Kansas Department of Agriculture barred by Eleventh Amendment); *Martin Marietta Materials, Inc.*, 953 F. Supp. 2d at 1185 (KDPT entitled to dismissal under Eleventh Amendment). Because the KDOT and the Kansas Department of Agriculture are both state agencies, and Plaintiff has shown no abrogation or consent to suit, these Defendants are entitled to dismissal of all claims against them in this action. This extends to the state tort claims against these Defendants, which are likewise barred by Eleventh Amendment immunity. *See Jones v. Courtney,* 466 F. App'x 696, 700-01 (10th Cir. 2012) (the Kansas Tort Claims Act is not a waiver of Eleventh Amendment immunity; the federal courts are thus jurisdictionally barred from entertaining such claims against a state agency.)

2. *Defendant Sumner County*. Defendant Sumner County is also entitled to dismissal of any federal claim against it. The complaint contains no allegation that this Defendant, through an official policy or custom, deprived Plaintiff of any federal right. *See Cox v. Glanz,* 800 F.3d 1231, 1255 (10th Cir. 2015) (a county can be liable under § 1983 only upon a showing that it executed a policy or custom that deprived the plaintiff of constitutional or other federal rights.) The complaint contains only fleeting references to Fourth Amendment privacy interests and to Fifth Amendment due process rights, and it offers no facts to show how Defendant deprived Plaintiff of such rights.[4]

---

[4] The court takes judicial notice that in *Frank v. Bush, et al.,* No. 09-4146-RDR, Plaintiff alleged that various defendants, including President George W. Bush, violated Plaintiff's Fourteenth Amendment right to privacy by "engag[ing] in unwarranted domestic and internet surveillance and issu[ing] a National Security Letter" against Plaintiff and his wife, and violated Plaintiff's Fifth Amendment due process rights by allegedly causing the death of Plaintiff's wife. (No. 09-4146-RDR, Doc. 1 at 27-29.) According to that complaint, Plaintiff's wife died while being treated at Wesley Hospital. Plaintiff claimed her death was due to medical negligence which was "the result of a

7

The complaint alleges that "[i]n March of 2005 a government document was altered to show a 'STREAM' through [Plaintiff's] property." The document was "entered into evidence by Sumner [C]ounty," and the "Judge ignored the facts and took the altered document as true…." These allegations, liberally construed, fail to show a plausible claim that Sumner County acted under color of state law to deprive Plaintiff of a federal right. The complaint also alleges that "[t]he defendants participated in a schemed [sic] plan to cause [Plaintiff] intentional emotional distress by dragging this false matter out needlessly to deplete his assets and cause him to give up the fight for justice." (Doc. 1 at 4-5.) To the extent this seeks to allege an unlawful conspiracy, the allegations of wrongful conduct are conclusory, and they fail to show the deprivation of any federal right. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff has failed to allege such a claim, Sumner County is entitled to dismissal of the federal claims against it in the complaint. Moreover, the court concludes it would be futile in these circumstances to give Plaintiff an opportunity to amend any federal claim. Plaintiff has not suggested any possible basis for a federal claim and none appears in the record. Plaintiff's disappointment at losing the state litigation over the stream issue is understandable, but that does not make it an issue of federal law. *Cf. Collins v. Johnson Cty., Ks.*, 56 F. App'x 852, 856 (10th Cir. 2002) ("it is patently obvious Mr. Collins could not prevail on the facts alleged, as his conclusory allegations merely reflect his frustration and reiterate his grievances; they fail to even arguably state a violation of federal rights. Guided by history, we conclude that allowing Mr. Collins to amend his complaint would have been futile….")

---

National Security Letter" by President Bush, and which in turn was "initiated by" Plaintiff's neighbor who complained of flooding on his property. (*Id.* at 11.)

The complaint also asserts a number of state tort claims against Sumner County. Where all federal claims are dismissed from a case, the court may decline to exercise supplemental jurisdiction over any remaining state-law claims. 28 U.S.C. § 1367(c)(3). Where, as here, the federal claims are dismissed before trial, a federal court should ordinarily decline to exercise supplemental jurisdiction. *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010). Having considered the circumstances, including judicial economy, convenience, fairness, and comity, the court concludes it should decline to exercise supplemental jurisdiction over the remaining state law claims against Sumner County, and that such claims should be dismissed without prejudice.

**V. Conclusion**

The motions to dismiss by Kansas Department of Agriculture (Doc. 13) and KDOT (Doc. 15) are GRANTED. The claims against these two Defendants are DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction due to Eleventh Amendment immunity.

The motion to dismiss by Sumner County (Doc. 11) is GRANTED. Plaintiff's federal claims against this Defendant are DISMISSED for failure to state a claim upon which relief may be granted. Plaintiff's state law claims against this Defendant are DISMISSED WITHOUT PREJUDICE.

The clerk is directed to enter judgment accordingly. IT IS SO ORDERED this 5th day of June, 2019.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE